IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWIGHT WATSON | : | CIVIL ACTION |
| v. | : | |
| RAYMOND J. SABINO, et al. | : | NO. 02-2859 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                           February 12, 2003
United States Magistrate Judge

Presently before the court is a pro se petition for a writ of habeas corpus. Petitioner is presently incarcerated at the State Correctional Institution at Somerset, Pennsylvania. For the reasons stated below, this court recommends that the petition be dismissed because it is barred by the one-year statute of limitations for the filing of a habeas corpus petition.

**I.  BACKGROUND**

On May 7, 1996, a jury sitting before the Honorable Gary Glazer of the Court of Common Pleas for Philadelphia County, convicted petitioner of two counts of first-degree murder and related offenses (C.P. Nos. 95-4-1044-47). Judge Glazer sentenced petitioner to a mandatory life sentence.

Petitioner appealed to the Pennsylvania Superior Court which affirmed the judgment of sentence on November 6, 1997. Commonwealth v. Watson, 707 A.2d 554 (Pa. Super. Ct. 1997) (Table). Petitioner did not seek discretionary review by the Pennsylvania Supreme Court.

On November 10, 1998, petitioner filed a pro se motion under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, et seq. (Petition at ¶ 7.) The court appointed counsel who filed two amended petitions on his behalf. On September 1, 1999, Judge Glazer denied the PCRA petition. Petitioner appealed to the Superior Court which affirmed on December 21, 2000. Commonwealth v. Watson, 769 A.2d 1211 (Pa. Super. Ct. 2000) (Table). Petitioner filed a petition for allowance of appeal to the Pennsylvania Supreme Court which was denied on May 24, 2001. Commonwealth v. Watson, 782 A.2d 545 (Pa. 2001) (Table).

On May 13, 2002, petitioner filed his petition for a writ of habeas corpus. He alleges that his trial and appellate counsel were ineffective for failing to: (1) secure the attendance of known alibi witnesses for trial; (2) file a notice of alibi defense; (3) file a motion to suppress identification; (4) make an opening statement to the jury; (5) file a timely petition for allowance of appeal to the Pennsylvania Supreme Court; and (6) request a voluntary manslaughter charge. (Petition at 6-14.)

On February 5, 2003, the District Attorney for Philadelphia County filed a response to the petition in which she argued that the petition should be dismissed as untimely because it was not filed within the one-year statute of limitations as required by 28 U.S.C. § 2244.

## II. DISCUSSION

Title 28 U.S.C. § 2244(d), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996, in relevant part provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). See generally Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Lovasz v. Vaughn, 134 F.3d 146 (3d Cir. 1998).

  Petitioner's conviction became final on December 6, 1997. This date represents thirty days after the Pennsylvania Superior Court affirmed petitioner's sentence on November 6, 1997. Pa. R. App. P. 1113. Thus, in accordance with 28 U.S.C. § 2244(d)(1), petitioner had until December 6, 1998 to file a timely habeas petition.[1]

  The one-year statute of limitations is tolled during the time petitioner had pending in the state courts a properly filed PCRA petition. See 28 U.S.C. § 2244(d)(2) (providing that the

---

[1] 28 U.S.C. § 2244(d)(1)(A) provides that the statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." None of the other possible "start dates" listed in § 2244(d)(1)(B)(C) and (D) apply here.

time during which a "properly filed" petition for collateral relief is pending is not counted toward the one-year statute of limitations.) Petitioner's PCRA petition, filed November 10, 1998, tolled the one-year grace period, but only while it was pending. At the time the PCRA petition was filed, 339 days of the statute of limitations had expired. On December 21, 2000, the Pennsylvania Superior Court denied the appeal from the dismissal of the PCRA petition, and the Pennsylvania Supreme Court denied a petition for allocatur on May 24, 2001. As of this date, petitioner had 26 days left before the expiration of the statute of limitations. The statute of limitations expired on June 19, 2001. However, petitioner did not file his petition for a writ of habeas corpus until almost eleven months later, on May 13, 2002. Thus, the petition is barred under 28 U.S.C. § 2244(d).

Petitioner has not alleged any facts to suggest that the statute of limitations should be equitably tolled. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). In Miller, the court stated the following:

> [E]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Id. at 618-19 (interior quotations and citations omitted). Equitable tolling may only be found when: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Therefore, in a non-capital case, such as the one now before the court, "attorney error, miscalculation, inadequate

4

research, or other mistakes," do not constitute extraordinary circumstances required for equitable tolling. Fahy, 240 F.3d at 244. See also Johnson v. Hendricks, 2002 WL 31888191, at *3 (3d Cir. Dec. 30, 2002) ("an attorney's mistake in determining the date a habeas petition is due" does not constitute an extraordinary circumstance for purposes of equitable tolling).

Petitioner has not alleged that the Commonwealth of Pennsylvania misled him regarding the required date to file his federal habeas corpus petition. Moreover, petitioner has not alleged that he has "in some extraordinary way" been prevented from asserting his rights. Finally, this is not a case where petitioner timely asserted his rights in the wrong forum. Thus, the one-year statute of limitations cannot be equitable tolled.

For all the above reasons, the court makes the following:

## R E C O M M E N D A T I O N

AND NOW, this 12th day of February, 2003, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED** as time-barred by the statute of limitations, and that no certificate of appealability be granted.

BY THE COURT:

_____
THOMAS J. RUETER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DWIGHT WATSON              :         CIVIL ACTION

      v.                        :

RAYMOND J. SABINO, et al.   :         NO. 02-2859

## O R D E R

AND NOW, this        day of                , 2003, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, it is hereby

**ORDERED**

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The petition for a writ of habeas corpus is DISMISSED; and

3. A certificate of appealability is <u>not</u> granted.

BY THE COURT:

_____
TIMOTHY J. SAVAGE,         J.